<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELVIS REYES, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 2:15-cv-00064 (SDW) (SCM)<br>)<br>) |
| v. | ) **OPINION**<br>) |
| GOVERNMENTAL NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR GINNIE MAE REMIC TRUST 2003-085; THE PROVIDENT BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1 THROUGH 10, | )<br>) May 21, 2015<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**WIGENTON**, District Judge.

Before this Court are three separate Motions to Dismiss the Complaint filed by Defendants Provident Bank ("Bank"), Governmental National Mortgage Association of the United States Department of Housing and Urban Development ("Ginnie Mae" or "United States"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and to Rule 12(b)(6) for failure to state a claim. (Dkt. No. 4, 10, 16.)

Jurisdiction is proper pursuant to 28 U.S.C. § 1332.[1] Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons discussed below, this Court **GRANTS** Defendants' motions to dismiss.

**BACKGROUND**

Pro se plaintiff Elvis Reyes ("Plaintiff") owns the subject property located at 53 State Street, Perth Amboy, New Jersey (the "Property"). (Compl. ¶ 1.) On August 26, 2003, Plaintiff executed a Note in favor of Jersey Mortgage Company in an unspecified amount. (Compl. ¶¶ 27-28.) To secure payment, Plaintiff executed a Mortgage of even date on the Property. (Compl. ¶ 29.)

According to Plaintiff, the Note was sold to investors on October 30, 2003 and issued by Ginnie Mae Remic Trust 2003-085 (the "Trust"). (Compl. ¶¶ 30-31.) Plaintiff alleges that the securitization of Plaintiff's Loan is governed by a Pooling and Servicing Agreement ("PSA"). (Compl. ¶ 63.)

On January 5, 2015, Plaintiff filed his Complaint against Defendants, alleging Declaratory Relief (Count I); Injunctive Relief (Count II); Quiet Title (Count III); Negligence Per Se (Count IV); Accounting (Count V); Breach of the Covenant of Good Faith and Fair Dealing (Count VI); Breach of Fiduciary Duty (Count VII); Wrongful Foreclosure (Count VIII); Violation of the Real Estate Settlement Procedures Act ("RESPA") (Count IX); Violation of the Home Ownership Equity Protection Act ("HOEPA") (Count X); Fraud in the Concealment (Count XI); Intentional Infliction of Emotional Distress (Count XII); and Slander of Title (Count XIII). (Dkt. No. 1.)

---

[1] As discussed below, because Plaintiff's federal claims against the Defendant Bank are time-barred, jurisdiction is proper if diversity jurisdiction under 28 U.S.C. § 1332 exists. However, diversity between Plaintiff and the Bank is lacking.

2

The Bank filed its Motion to Dismiss on March 25, 2015, Ginnie Mae filed its Motion to Dismiss on April 7, 2015, and MERS filed its Motion to Dismiss on April 16, 2015. (Dkt. No. 4, 10, 16.) Plaintiff filed an opposition to the Bank's Motion to Dismiss on April 7, 2015. (Dkt. No. 13.)

**LEGAL STANDARD**

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Smith v. Barre*, 517 F. App'x. 63, 65 (3d Cir. 2013) (internal citations omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

**DISCUSSION**

Plaintiff primarily alleges that the Bank improperly qualified Plaintiff for the subject Loan and that all Defendants are "stranger[s] to the Loan." (Compl. ¶¶ 36, 44.) To date, there does not appear to be a foreclosure action pending against Plaintiff and/ or the Property. (*See* Sylvester Cert. ¶ 2, Ex. A.)[2]

*Plaintiff's Allegations against the Defendant Bank*

Plaintiff's thirteen-count Complaint includes two federal causes of action: a RESPA Section 2607 claim (Count IX), and a claim for rescission under HOEPA (Count X). RESPA Section 2607 claims h are subject to a one-year statute of limitations. 12 US.C. § 2614. Claims for rescission under HOEPA are subject to a three-year statute of limitations. 15 U.S.C. § 1635(f). Here, Plaintiff filed his Complaint on January 5, 2015, nearly twelve years after the loan was

---

[2] This Court notes that Plaintiff's allegations are virtually identical to the allegations made by the plaintiff in a matter recently before this Court, *Espaillat v. Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR35*, No. 2:15-cv-00314. Both cases compel similar treatment.

originated on August 26, 2003. Therefore, Plaintiff's federal claims are time-barred and will be dismissed accordingly.

Because Plaintiff's federal claims are time-barred, Plaintiff can obtain subject matter jurisdiction only if diversity jurisdiction exists under 28 U.S.C. § 1332. The Bank challenges subject matter jurisdiction pursuant to Rule 12(b)(1). Rule 12(b)(1) places the burden on the plaintiff to demonstrate the existence of subject matter jurisdiction. *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 458 (D.N.J. 2013). The plaintiff also bears the burden of proving diversity jurisdiction. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

This Court finds that diversity is lacking because the Bank is a New Jersey chartered bank with its headquarters in Jersey City, New Jersey, and Plaintiff is a citizen of New Jersey. (*See* Kuntz Cert. ¶ 2, Ex, A; Compl. ¶ 14.) Therefore, with respect to Plaintiff's claims against the Bank, the Complaint is dismissed in its entirety for lack of subject matter jurisdiction.

*Plaintiff's Allegations against all Defendants*

### **Declaratory Relief (Count I), Injunctive Relief (Count II), and Wrongful Foreclosure (Count VIII)**

Plaintiff seeks declaratory and injunctive relief because Defendants allegedly failed to comply with the terms of the Pooling and Servicing Agreement ("PSA") under which his loan was securitized and the assignments of the Note and Mortgage were improper. (Compl. ¶¶ 143-161.) Plaintiff claims that he seeks to ensure Defendants' right to foreclose and to prevent a sheriff's sale of the Property. (Compl. ¶¶ 154-161.) He also asserts that Defendants wrongfully foreclosed on the Property. (Compl. ¶¶ 191-205.) However, Plaintiff fails to provide any facts supporting that there is a foreclosure action pending against him. Therefore, Plaintiff's allegations are premature and will be dismissed.

This Court further finds that Plaintiff lacks standing to assert a violation of the PSA or assignments of mortgage because he is neither a party to nor an intended third-party beneficiary of the alleged PSA or any relevant assignments. *See Eun Ju Song v. Bank of America, N.A.*, No. 2:14–3204, 2015 WL 248436, *2 (D.N.J. Jan. 20, 2015).

Furthermore, Plaintiff is not entitled to declaratory or injunctive relief. First, declaratory relief requires a live controversy of sufficient immediacy between the parties. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987). Here, as previously discussed, there is no active foreclosure action concerning the Property. Additionally, an injunction is a remedy that requires a party to show "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Liberty Lincoln–Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009). However, Plaintiff fails to allege any facts to support injunctive relief.

For these reasons, this Court will dismiss Counts I, II, and VIII.

**Quiet Title (Count III)**

In Count III, Plaintiff seeks to quiet title to prevent Defendants from claiming any interest in the Property. "The purpose of an action to quiet title is to put within the power of a person, who is in peaceable possession of realty as an owner, a means to compel any other person, who asserts a hostile right or claim, or who is reputed to hold such a right or claim, to come forward and either disclaim or show his right or claim, and submit it to judicial determination." *English v. Federal Nat. Mortg. Ass'n*, No. 13–2028, 2013 WL 6188572, *3 (D.N.J. Nov. 26, 2013) (quoting *Schiano v. MBNA*, No. 05–171, 2013 WL 2452681, at *26 (D.N.J. Feb.11, 2013). Here, Plaintiff's conclusory allegations regarding the invalidity of the loan documents are insufficient to state a

quiet title claim. Plaintiff fails to set forth facts showing the invalidity of the Note, Mortgage, or assignments, or that he paid the Note in full so as to "clear up all doubts and disputes concerning" competing claims to the Property. N.J. Stat. Ann. 2A: 62-1. As such, Count III is dismissed.

### **Negligence Per Se (Count IV), Violation of the Real Estate Settlement Procedures Act ("RESPA") (Count IX), Violation of the Home Ownership Equity Protection Act ("HOEPA") (Count X), and Fraud in the Concealment (Count XI)**

Plaintiff's allegations of negligence per se, RESPA, HOEPA, and fraud in the concealment, all relate back to the loan's origination on or about August 26, 2003.

In New Jersey, a six-year statute of limitations governs negligence and fraud claims. N.J. Stat. Ann. 2A:14-2 and 2A:14-1. As stated earlier, RESPA Section 2607 claims are governed by a one-year statute of limitations, and claims for rescission under HOEPA are subject to a three-year statute of limitations. Because Plaintiff filed his Complaint on January 5, 2015, nearly twelve years after the loan was originated, Counts IV, IX, X, and XI are time-barred and will be dismissed accordingly.

### **Accounting (Count V)**

In Count V, Plaintiff requests an accounting because "PROVIDENT sold the PLAINTIFF'S NOTE without endorsing the NOTE and without making and recording an assignment of the MORTGAGE, Plaintiff has been making improper mortgage payments to Defendants." (Compl. ¶ 176.) However, an accounting is considered a remedy, not a separate cause of action. *Tolia v. Dunkin Brands*, No. 11–3656, 2011 WL 6132102, *6 n.5 (D.N.J. Oct. 7, 2011). Moreover, Plaintiff asserts only conclusory statements and fails to allege any facts entitling him to an accounting. Hence, Count V is dismissed for failure to state a claim upon which relief can be granted.

**Breach of the Covenant of Good Faith and Fair Dealing (Count VI)**

In Count VI, Plaintiff argues that Defendants' conduct breached the covenant of good faith and fair dealing by commencing foreclosure proceedings. To successfully allege such a claim, a plaintiff must demonstrate that: "(1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract [unless excused]; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm." *Graddy v. Deutsche Bank*, 11–3038, 2013 WL 1222655, *4 (D.N.J. Mar. 25, 2013). Here, Plaintiff does not allege that he "performed under the terms of the contract" by paying off his Mortgage obligation, nor does he allege facts to support any of the remaining elements for a breach of the covenant of good faith and fair dealing claim. *See id.* Further, contrary to Plaintiff's allegations, there appears to be no pending foreclosure action. Therefore, this Court dismisses Count VI.

**Breach of Fiduciary Duty (Count VII) and Intentional Infliction of Emotional Distress (Count XII), and Slander of Title (Count XIII)**

The economic loss doctrine, which "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract," bars Plaintiff's breach of fiduciary duty (Count VII), intentional infliction of emotional distress (Count XII), and slander of title (Count XIII) claims. *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995). These tort-based claims are rooted in a contractual relationship between the parties based upon the executed Note and Mortgage. Accordingly, this Court will dismiss Counts VII, XII and XIII.

**CONCLUSION**

For the reasons stated above, this Court **GRANTS** Defendants' three (3) separate motions to dismiss. Because amendment of the Complaint would be futile, the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:        Clerk
cc:          Parties
              Magistrate Judge Steven C. Mannion